UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| MIA McPHERSON, an individual, | ) | CIV. 14-5016-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| DIAGNOSTIC IMAGING SYSTEMS, | ) | |
| INC., a South Dakota Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

On March 12, 2014, plaintiff Mia McPherson filed a complaint asserting a copyright infringement claim against defendant Diagnostic Imaging Systems, Inc. (Docket 1).  On March 21, 2014, Joe Hecker, President of Diagnostic Imaging Systems, Inc., appearing *pro se* on behalf of defendant, filed an answer.  (Docket 7).  On April 1, 2014, plaintiff filed a motion to strike defendant's answer on the grounds "that a corporation cannot be represented by an individual appearing *pro se*."  (Docket 8 at p. 1).

"It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."  Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993).  "[S]ave in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."  Id. at 202.

The United States Court of Appeals for the Eighth Circuit Court is not one which embraces a "few aberrant case[s]."  A non-lawyer may not represent a corporation in federal court.  Steele v. City of Bemidji, 257 F.3d 902, 905 (8th Cir.

2001).  See Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994)

("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent

another entity, i.e., a trust, in a court of the United States."); Joshua Building Trust

v. Clementi, 78 F.3d 588 (8th Cir. 1996) (Table) ("A non-lawyer trustee may not

represent a trust pro se in federal court.").  See also Lattanzio v. COMTA, 481 F.3d

137, 139-40 (2d Cir. 2007) ("[A] layperson may not represent a separate legal entity

such as a corporation. . . . We have extended this reasoning to partnerships and

single shareholder corporations, as well as to shareholders who file derivative suits.

. . ." (citing  Rowland, 506 U.S. at 202 (other internal citations omitted))); United

States v. 9.19 Acres of Land, More or Less, in Marquette County, Michigan, 416

F.2d 1244, 1245 (6th Cir. 1969) ("The United States District Court was clearly

correct in ruling that a corporate president may not represent his corporation

before a federal court.  28 U.S.C. § 1654 . . . ."); Turner v. American Bar Ass'n, 407

F. Supp. 451 (N.D. Tex. 1975), aff'd, 539 F.2d 715 (Table), aff'd, 542 F.2d 56 (Table)

(corporations and partnerships must be represented by licensed counsel).

     Accordingly, it is hereby

     ORDERED that plaintiff's motion to strike (Docket 8) is granted.

     IT IS FURTHER ORDERED that defendant shall file an answer through

licensed counsel on or before **April 28, 2014**.

     Dated April 10, 2014.

                    BY THE COURT:

                    /s/ *Jeffrey L. Viken*

                    JEFFREY L. VIKEN
                    CHIEF JUDGE